UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RONALD EARL WILLIAMS          CIVIL ACTION NO. 5:16-cv-302
   LA. DOC #403681

                              SECTION P
VS.

                              JUDGE S. MAURICE HICKS

1ST JUDICIAL DISTRICT COURT ET AL.     MAGISTRATE JUDGE HAYES

REPORT AND RECOMMENDATION

*Pro se* Petitioner Ronald Earl Williams, an inmate in the custody of the Louisiana State

Penitentiary in Angola, Louisiana, filed the instant Petition for writ of *habeas corpus* pursuant to

28 U.S.C. § 2254 on July 5, 2016. [doc. # 9]. Petitioner attacks his October 12, 1998, conviction

for possession of a schedule II, controlled dangerous substance, his plea of guilty to that

conviction, and his sentence of 18 months hard labor imposed thereon by Louisiana's First

Judicial District Court, Caddo Parish. Petitioner further attacks a sentence he is currently serving

for armed robbery with a firearm—a sentence that was enhanced by his allegedly invalid 1998

conviction. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of

the Court.

**Background**

On October 12, 1998, Petitioner, Ronald Earl Williams, pleaded guilty to Possession of a

Schedule II, Controlled Dangerous Substance. He was sentenced to hard labor for a period of

eighteen (18) months with credit for time served in exchange for his guilty plea.

On October 14, 1998, Petitioner timely filed an appeal which was never recorded with

the state trial court. On June 28, 2012, Petitioner filed an application for post-conviction relief

requesting an out-of-time appeal. [doc. #20-3, p. 128]. He was granted an out-of-time appeal on

May 1, 2013. [doc. #20-3, p. 144-146]. On February 26, 2014, the Second Circuit Court of

Appeal affirmed Williams' conviction and sentence on appeal. *State v. Williams*, 135 So.3d 789

(La. Ct. App. 2d Cir. 2014). The Louisiana Supreme Court denied Petitioner's application for

writ of certiorari on October 31, 2014. *State v. Williams*, 152 So.3d 149 (La. 2014) (mem.).

On December 2, 2014, Petitioner filed a *pro se* application for post-conviction relief in

the First Judicial District Court raising one claim: that his guilty plea was involuntary and

induced by misrepresentation, and therefore invalid under the Fourteenth Amendment. [doc.

#20-4, pp. 65-70]. Specifically, Petitioner argued that he was "not advised at the plea proceeding

that his punishment would be to actual imprisonment at hard labor," and that "the trial judge

misrepresented the punishment that would be imposed." *Id.* at 67. Petitioner stated that he was

promised probation by his attorney and the prosecutor. *Id.*

On December 29, 2014, the trial court denied post-conviction relief. *Id.* at 81-82. Finding

that Petitioner's claim was without merit, the court held that the record "clearly reflect[ed]" that

Petitioner understood his rights and knowingly, voluntarily and intelligently entered a valid

guilty plea. *Id.* at 81. The Court further held that state and federal law precluded review of

Petitioner's post-conviction relief petition because an unqualified plea of guilty waives all non-

jurisdictional defects occurring prior thereto. *Id.* at 81-82.

On February 18, 2015, Petitioner filed a *pro se* writ application to the Second Circuit

Court of Appeal. *Id.* at 83-93. In this writ application, Petitioner raised the same issue: that his

guilty plea was induced by false representation of the punishment that would be imposed. *Id.* He

further argued that the district court erred in finding that post-conviction relief was precluded by

his guilty plea because, as Petitioner argues, his plea was involuntary and invalid. *Id.*

On March 4, 2015, the Second Circuit Court of Appeal denied writ under Louisiana Code

of Criminal Procedure article 930.2. *Id.* at 137. Article 930.2 states that a "petitioner in an

application for post conviction relief shall have the burden of proving that relief should be

granted." LA. C. CR. P. art 930.2. On January 25, 2016, the Louisiana Supreme Court issued a

per curiam opinion finding that Petitioner failed to satisfy his post-conviction burden of proof

under article 930.2 that he pleaded guilty involuntarily. *State* ex rel. *Ronald Earl Williams v.*

*State of La.*, 184 So.3d 13 (La. 2016) (mem.).

Petitioner filed the instant petition on July 5, 2016,[1] requesting relief from his October

1998 guilty plea. [doc. #9]. Petitioner contends his guilty plea was invalid under the Fourteenth

Amendment because he was unaware of the punishment that would be imposed—specifically, he

"was unaware that hard labor mean[t] imprisonment." *Id.* On March 21, 2000, Petitioner was

found guilty of armed robbery with a firearm. *See State v. Williams*, 781 So.2d 682 (La. Ct. App.

2d Cir. 2001). Based on his 1998 conviction, Petitioner was then adjudicated a second felony

offender, and an enhanced sentence was imposed. Thus, in the instant motion, Petitioner also

requests an opportunity to "plea anew," or to "release Petitioner under the enhanced sentence"

---

[1] Styled as a "Motion for Writ of Coram Nobis," Petitioner filed his original petition on March 3, 2016. [doc. #1]. On June 23, 2016, the Court instructed Petitioner that he must seek relief under 28 U.S.C. § 2254 because he is challenging the validity of his conviction and sentence. [doc. #8]. Petitioner was given thirty (30) days to amend his complaint on a § 2254 form.

and a re-sentencing for his armed robbery conviction without the 1998 conviction. [doc. #9].[2]

The matter is now before the Court.

## Law and Analysis

### I.      Threshold Requirements For a § 2254 Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. §

2254, governs *habeas corpus* relief. A federal court may not grant *habeas* relief unless a

petitioner has satisfied certain threshold requirements under § 2254. One of the threshold

requirements is that, subject to certain exceptions, the petitioner must have first exhausted all of

his claims in state court before presenting them in federal court. 28 U.S.C. § 2254(b)(1).

Furthermore, § 2254 only affords relief to a *habeas* petitioner "in custody" pursuant to the

judgment of a state court. *Pleasant v. State of Tex.*, 134 F.3d 1256, 1257 (5th Cir. 1998) (internal

citations and quotations omitted). Thus, "[t]he first showing a § 2254 petitioner must make is

that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist.*

*Attorney v. Coss*, 532 U.S. 394, 401 (2001) (citing 28 U.S.C. § 2254(a))).

The State of Louisiana asserts that this Court lacks subject matter jurisdiction over

Williams' petition because Williams does not satisfy the "in custody" requirement.

Alternatively, the State argues that Williams did not exhaust his federal claim on direct appeal or

during post-conviction proceedings in state court, and that such a claim is now procedurally

---

[2] On appeal from his armed robbery conviction, Petitioner challenged his conviction and his multiple offender adjudication. *State v. Williams*, 781 So.2d 682 (La. Ct. App. 2d Cir. 2001). The appellate court noted that the issue of whether the guilty plea to the predicate offense was knowing or voluntary was not properly before the court for review. *Id.* Nonetheless, the Court found that "the [guilty plea] minutes demonstrate that the defendant's plea of guilty to possession of a Schedule II controlled dangerous substance was, in fact, knowing and voluntary." *Id.*

defaulted and should be dismissed. The Court will address each argument in turn.

A. Williams is "In Custody" For § 2254 Purposes

The State argues that Williams is not "in custody" for § 2254 purposes because he is no longer serving the 18-month sentence imposed upon the 1998 guilty plea that he is now challenging in the instant *habeas* petition. [doc. #20-1, p. 11]. Petitioner argues that he is "in custody" for § 2254 purposes because he is challenging the sentence he is currently serving, which was enhanced by the allegedly invalid 1998 conviction. [doc. #21, p. 2]. Based on the Supreme Court's holdings in *Maleng v. Cook*, 490 U.S. 488 (1989), and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Court agrees with Petitioner.

In *Maleng* and *Lackawanna*, the Supreme Court held that a *habeas* petitioner is "in custody" where his § 2254 petition could be construed as asserting a challenge on a current sentence enhanced by an allegedly invalid prior conviction, despite the full expiration of Petitioner's prior sentence. 490 U.S. at 493-94; 532 U.S. at 401-02.

In this case, Petitioner's sentence for his 1998 conviction expired many years ago. However, he is currently serving another sentence that was enhanced by his 1998 conviction. In March 2000, Petitioner was found guilty of armed robbery with a firearm. Based on his 1998 conviction, he was then adjudicated a second felony offender, and his sentence for armed robbery with a firearm was enhanced. As part of his relief in the instant petition, Williams requests that he be released from his enhanced sentence and re-sentenced for his armed robbery conviction without consideration of the 1998 conviction. Thus, Williams' petition, under the liberal pleading standard afforded *pro se* litigants, is construed as asserting an attack on the subsequent enhanced sentence he is currently serving (not solely the expired 1998 conviction

that provided the enhancement). *See Lee v. Cain*, No. 12-1185, 2013 WL 2458831, *1 (E.D. La. May 30, 2013) (holding that Petitioner could not be deemed "in custody" where he specifically stated that he was not attacking his current sentence, but only his expired conviction); *Thomas v. Tanner*, No. 10-3013, 2011 WL 5042088, *2 (E.D. La. Aug. 30, 2011) (construing petition, "out of an abundance of caution," as a challenge to the use of prior convictions for purposes of enhancing a sentence currently being served by petitioner). Furthermore, in both his amended petition and his response to the State's opposition, Williams makes it clear that he is asserting a challenge to his current sentence as enhanced by his allegedly invalid 1998 conviction. [doc. #9, p. 2; doc. #21, p. 2]. Accordingly, Williams is "in custody" for § 2254 purposes.

However, the inquiry does not stop there. The Supreme Court has also held that attacks on expired convictions used to enhance current sentences generally do not state a cognizable claim in § 2254 proceedings. *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005); *see Lackawanna*, 532 U.S. at 402-03. If a prior conviction used to enhanced a state sentence *"is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully),"* then that defendant may not collaterally attack his prior conviction through a § 2254 petition directed at the enhanced state sentences. *Lackawanna*, 532 U.S. at 402 (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)). Thus, the Court must determine if Williams states a cognizable claim in the instant case, *i.e.*, whether his 1998 conviction is still open to direct or collateral attack in its own right.

AEDPA establishes a one-year limitation period for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009). The starting date for

purposes of the one-year AEDPA limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2241(d)(1)(A). This case is unusual because Williams was granted an out-time-appeal in 2013. The Louisiana Supreme Court denied Petitioner's application for writ of certiorari on October 31, 2014. "[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez*, 555 U.S. at 121. Thus, Williams' conviction was not final until January 29, 2015 (90 days after October 31, 2014) because Williams did not file an application for writ of certiorari to the United States Supreme Court. *See Wilson v. Cain,* 564 F.3d 702, 706 (5th Cir. 2009) (where appellant does not seek a writ of certiorari from the United States Supreme Court, finality is established by the expiration of the ninety-day period to seek further review with the Supreme Court) (internal citations and quotations omitted).

Moreover, Williams filed his application for post-conviction relief on December 2, 2014, and the one-year limitations period was tolled during the pendency of his post-conviction applications in state court. *See Lawrence v. Florida*, 549 U.S. 327, 327 (2007). The Louisiana Supreme Court denied his application for post-conviction relief on January 25, 2016, and Williams filed this petition on March 3, 2016, well within the one-year limitations period. As such, Petitioner's challenge to the 1998 conviction is timely presented in the current litigation, *i.e.*, the 1998 conviction is still open for collateral attack in federal court in its own right. Accordingly, *Lackawanna* does not prohibit Williams from challenging his subsequent enhanced sentence in this petition on the ground that his 1998 conviction was invalid. *See Silvo v. Cain*,

No. 09-3692, 2009 WL 3151166, *2 (holding that Petitioner's 1995 forgery conviction was no longer open to direct or collateral attack under *Lackawanna* "in that his sentence for that conviction has fully expired and his limitations period for any such attack ended long ago.").

### B. Williams Has Exhausted His Administrative Remedies in State Court

Section 2254 provides that a *habeas* petition shall not be granted unless it appears, subject to certain exceptions, that "the applicant has exhausted the remedies available in the courts of the State". 28 U.S.C. § 2254(b)(1)(A). The Fifth Circuit explained exhaustion as follows:

> The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. A claim is fairly presented when the petitioner asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation. It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Rather, the petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotations marks and citations omitted). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

*1. Williams' Claim on Direct Appeal*

8

On appeal, Petitioner argued that he would not have pleaded guilty had he known that he "would be sentenced to a special mandatory parole term." [doc. #20-3, p. 147]. He further argued in his brief that the trial court engaged in "judicial bargaining" and that the court "created the impression in the mind of the appellant that he would not receive a fair trial" if he proceeded to trial. *Id.* at 298. Petitioner contended that his plea was involuntarily made since the trial judge participated in the plea discussion before Petitioner reached an agreement with the State. *Id.*

To exhaust, a petitioner must have fairly presented the *substance* of his claim to the state courts. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). "Where a petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id.* (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly present' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.* The claim precisely before this court is that Petitioner's guilty plea was involuntary because it was induced by misrepresentation that he would not be serving actual imprisonment. The facts and legal theory supporting his direct appeal claim are entirely different from the facts and legal theory supporting his federal claim. Accordingly, the undersigned cannot say that Petitioner's federal claim is the "substantial equivalent" of Petitioner's direct appeal claim. Exhaustion is not satisfied on this basis.

*2. Williams' Claim on Post-Conviction Relief*

In his petition for post-conviction relief, Williams raised his federal claim, namely that

his guilty plea violated the Fourteenth Amendment because the punishment to be imposed was misrepresented to Petitioner in that he was not advised that his sentence would involve actual imprisonment. [doc. #20-4, p. 162]. The trial court ruled that, based on the plea colloquy with the trial judge, Petitioner knowingly, voluntarily, and intelligently entered a valid guilty plea. *Id.* at 151. Williams also presented his federal claim to the Second Circuit Court of Appeal. Again, he asserted that his guilty plea was involuntary because he was not advised that his punishment would include actual imprisonment. *Id.* at 108. Williams cited relevant case law and the Fourteenth Amendment in his writ application to the appellate court. *Id.* at 108-09. The Second Circuit Court of Appeal denied post-conviction relief, finding that Williams did not meet his burden of proving he was entitled to relief. *Id.* at 126.

The State argues, however,  that Williams did not fairly present his federal claim before the Louisiana Supreme Court because Petitioner complained "only that the Second Circuit denied writs 'without giving his question of law a plenary review'". [doc. #20-1, pp. 8-9].

The argument section of Petitioner's writ application to the Louisiana Supreme Court states as follows:

> An Appeal court abuse there [sic] discretion when they do not give a question of law a plenary review. See <u>United States v. Taylor</u>, 487 U.S. 326, 335-37 (1988).

> On March 4, 2015, the appeal court abused there [sic] discretion when they departed from proper judicial appellate proceeding when they denied Relator's Writ without exercising "plenary" review over question of law.

> Relator contends that the Second Circuit Court of Appeal in its March 4, 2015 Judgment abused its discretion when it denied Relator's Writ under La. C. Cr. P. art. 930.2 when Relator was invoking the court's jurisdiction under question of law review. See Attached March 4, 2015 Judgment[.]

> Relator raised two question of law for review in his Writ of review. See Attached Writ of Review.

> Relator further contends that under La. Const. Art. 5 § 10(B) (1974) it holds in pertinent part that "In criminal cases its appellate jurisdiction extends only to questions of law" and La. C. Cr. P. art. 930.2 holds in pertinent part that "The Petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted." La. C. Cr. P. art. 930. 2 does not apply to a writ of review.
>
> Herein the appeal court in its March 4, 2015 Judgment abused its discretion by departing from proper judicial procedure without giving Relator's questions of law a plenary review but relying on La. C. Cr. P. art. 930.2 to deny Relator's Writ.

[doc. #20-4, pp. 134-35]. Petitioner's brief filed with the Louisiana Supreme Court clearly did not argue his federal claim. Neither his petition nor his brief cite to the Federal Constitution or a case that might have alerted the Louisiana Supreme Court to his federal claim. *See Baldwin*, 541 U.S. at 33; *Wilder*, 274 F.3d at 260 (Petitioner failed to exhaust where he made no mention of case law or any constitutional protection relevant to his federal claim).

Williams did attach, however, multiple documents to his Louisiana Supreme Court writ application: (1) his guilty plea transcript, [doc. #20-4, pp. 168-176]; (2) his petition for post-conviction relief and memorandum in support filed with the trial court, [doc. #20-4, pp. 155-167]; (3) the trial court's ruling, [doc. #20-4, p. 150]; and (4) his writ of review filed with the Second Circuit Court of Appeal and its supporting memorandum, [doc. #20-4, pp. 139-149]. But attaching lower courts documents to his writ application does not suffice to satisfy the "fair presentation" requirement.

The Supreme Court has held that a petitioner does not "fairly present" a federal claim when a state Supreme Court can discover that claim only by reading lower court documents in the case. *See Baldwin*, 541 U.S. at 31. Stated another way, "[a] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such

as a lower court opinion in the case, that does so." *Id.* at 32.

The Louisiana Supreme Court was required to read beyond Williams' petition and brief to find his federal claim. Specifically, it was required to read through all the lower court briefs that Williams attached to his writ application. Therefore, Petitioner failed to fairly present his federal claim to the Louisiana Supreme Court. *See Thurman v. Cain*, No. 14-1099-P, 2015 WL 3472332, *8 n.4 (W.D. La. June 1, 2015) ("A petitioner does not 'fairly present' a claim to a state court if that court must read either a brief before a lower court or a lower court's opinion to locate the claim."); *Keil v. Hanson*, No. 15-0422, 2015 WL 5307156, *4 (E.D. La. June 26, 2015) (it is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not "**specifically presented** to the state's highest court . . . .") (emphasis added).

Nonetheless, the Louisiana Supreme Court looked past Petitioner's brief and considered his federal claim. Indeed, the Louisiana Supreme Court held, "Relator fails to satisfy his post-conviction burden of proof that he pled guilty involuntarily." *State* ex rel. *Williams v. State*, 184 So.3d 13 (La. 2016) (mem.). The Court cited to Louisiana Code of Criminal Procedure article 930.2.[3] *Id.* The Court then went on to explain that Williams had fully litigated his application for post-conviction relief in state court. *Id.* The exhaustion requirement is satisfied if a federal claim is not fairly presented but the state court addresses it *sua sponte*. *Johnson*, 712 F.3d at 231; *Jones v. Dretke*, 375 F.3d 352, 355 (5th Cir. 2004) (although petitioner did not adequately present his federal claim, state remedies related to this claim were nonetheless exhausted because the Texas

---

[3] In *Woodfox v. Cain*, the Fifth Circuit held that when the Louisiana Supreme Court cites to article 930.2 after saying a petitioner has failed to show he pleaded guilty involuntarily, that decision is one on the merits. *Woodfox v. Cain*, 609 F.3d 774, 796 (5th Cir. 2010) (citing *State v. LeBlanc*, 937 So.2d 844, 844 (La. 2006)).

Court of Criminal Appeals "undertook to decide it on the merits.").

Accordingly, Petitioner has satisfied the exhaustion requirement.

**II.     Petitioner's Claim**

Petitioner claims that he was denied due process of law under the Fourteenth Amendment

when he entered a guilty plea while misinformed of what punishment would be imposed.

Specifically, he contends that he was advised by the trial court that he would receive 18 months

at hard labor, and that it was not explained to him—either by the court or his appointed

attorney—that hard labor meant actual imprisonment. [doc. #9-1, p. 6]. Petitioner states that had

he been made aware that he was being sentenced to actual imprisonment, he would not have

pleaded guilty, but would have exercised his right to trial by jury. *Id.* The State argues that

Williams' petition has no merit, and that Williams knew his sentence included actual

imprisonment, especially since he was given credit for time served. [doc. #20-1, p. 14-15].

A. Standard of Review Under AEDPA

AEDPA limits how a federal court may consider *habeas* claims.  After the state courts

have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record

that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An inmate

must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a

conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Furthermore, AEDPA has put into place a deferential standard of review, and a federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

B. Application of AEDPA Deference to the Merits of Williams' Claim

A federal court will uphold a guilty plea challenged in a *habeas* proceeding provided the plea is shown to have been knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666

(5th Cir. 1995). A guilty plea is considered knowing and voluntary and intelligent so long as a

defendant has been advised and indicates that he knows and is aware of "the maximum prison

term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir.1996)

(citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)).  Thus, if the *habeas* petitioner

"understood the length of time he might possibly receive, he was fully aware of his plea's

consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir.1982). Put another way, a guilty plea

is considered "voluntary" if it is made by a defendant who is "'fully aware of the direct

consequences, including the actual value of any commitments made to him by the court,

prosecutor, or his own counsel'" and who has not been "induced by threats (or promises to

discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable

promises), or perhaps by promises that are by their nature improper as having no proper

relationship to the prosecutor's business (*e.g.* bribes)." *Brady v. United States*, 397 U.S. 742, 755

(1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957)).

When analyzing a collateral attack on a guilty plea entered pursuant to a plea bargain,

"the representations of the defendant, his lawyer, and the prosecutor at [the original plea

hearing], as well as any findings made by the judge accepting the plea, constitute a formidable

barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a

strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, prior

attestations of voluntariness are not an absolute bar to relief, although they impose on the

Petitioner a heavy burden. *U.S. v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). Williams must

show that his plea was "so much the product of . . . misunderstanding, duress, or

misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for

imprisonment." *Blackledge*, 431 U.S. at 75.

The transcript of the plea colloquy confirms that the Petitioner's guilty plea was knowing, voluntary, and intelligent, and that he understood the sentence being imposed on him. The trial court recited the terms of the plea agreement, in pertinent part, as follows:

> THE COURT: Mr. Williams, have you had a chance to discuss this with your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand what you are doing today?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: It's the Court's understanding you're going to enter a plea of guilty to one count of possession of controlled dangerous substance Schedule II knowing the Court is going to sentence you to 18 months at hard labor and give you credit for time served. Has that been explained to you?
>
> THE DEFENDANT: Yes, sir.

[doc. #20-3, pp. 150-51]. After ascertaining Williams' educational background, the Court asked, "So you know what you're doing?" to which Williams responded, "Yes, sir." *Id.* at 151.

Thereafter, the following colloquy, in pertinent part, took place:

> THE COURT: Do you understand the maximum sentence the Court could give you is five years at hard labor but the Court is going to give you 18 months as I've already stated?
>
> THE DEFENDANT: Uh-huh

*Id.* at 152.

> THE COURT: Has anybody forced or made you against your will enter a guilty plea?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you understand the purpose of the hearing as well as the type

of sentence you are going to receive?

THE DEFENDANT: Yes, sir.

*Id.* at 153. The Court then stated:

All right. The Court finds there is a factual basis for the plea of guilty. The plea of guilty is being given freely without any force, and that Mr. Epperson understands the purpose of the hearing as well as the type of sentence he will receive. The court will accept his guilty plea. In accordance with the agreement the Court will now sentence you to 18 months at hard labor. You are to be given credit for time served. Court costs are waived.

*Id.* at 154.[4]

Williams cites *Blackledge v. Allison* for the proposition that his plea was constitutionally infirm. In *Blackledge*, the Supreme Court reversed the lower court's summary dismissal of a habeas petition. Petitioner in that case alleged that his plea was induced by an unkept promise. 431 U.S. at 76. The Supreme Court emphasized that the petitioner in *Blackledge* "elaborate[d] upon this claim with specific factual allegations." *Id.* For example, the "petition indicated exactly what the terms of the promise were: when, where, and by whom the promise had been made; and the identity of one witness to its communication." *Id.* The Supreme Court held that these allegations were not so "palpably incredible" as to warrant summary dismissal. *Id.*

In the instant petition, Williams does not mention any unkept promise. He merely contends that he "truly believed that hard labor meant he would had [sic] to work in society for 18 months," and that he "never knew hard labor meant imprisonment." [doc. #21, p. 4]. Williams' unsupported claim that he did not understand that he was being sentenced to

---

[4] In a separate section of the plea colloquy not relevant here, the trial judge clarified that the court had two names for the defendant: Ronald Earl Williams and Ronald Earl Epperson. The defendant told the judge he went by Ronald Earl Epperson. [doc. #20-3, p. 153].

imprisonment when he pleaded guilty is insufficient to show that he is entitled to *habeas* relief.

Williams also relies on *Ex parte Karstendick*, 93 U.S. 396 (1876), to support his claim. He quotes the language, "Imprisonment at hard labor, when prescribed by statute as part of the punishment, must be included in the sentence of the person so convicted . . . ." 93 U.S. at 396. Williams states that the sentencing court never mentioned the word imprisonment during his guilty plea hearing. [doc. #21, p. 4]. Read in context, the cited language merely explains that the lower court in *Karstendick* did not have discretion to decide whether a particular defendant should serve hard labor as part of his sentence; it was required by statute. Indeed, the next sentence in *Karstendick* states: "but, where fine and imprisonment, or imprisonment alone, is required, the court is authorized, in its discretion, to order its sentence to be executed at a place where, as part of the discipline of the institution, such labor is exacted from the convicts." *Id.* Thus, Williams' reliance on *Karstendick* is misplaced.[5]

By his own admission, under oath, Williams understood the sentence being imposed on him. The trial judge who accepted the plea found it to be knowing and voluntary and intelligent. The state courts arrived at this same conclusion, and Williams' claims that he did not understand his punishment and that the judge misrepresented the sentence are entirely without support in the record. Petitioner has not demonstrated that the state court's findings of fact and the application of those facts to clearly established federal law were unreasonable. Therefore, Petitioner's

---

[5] Williams also cites *State v. Boyd*, 649 So.2d 80 (La. Ct. App. 5th Cir. 1994)—a case he misunderstands the same way he misunderstands *Karstendick.* He cites the language, "Therefore, the trial court should have stated 'imprisonment at hard labor' when imposing sentence." Again, when read in context, this language merely explains that a sentencing court must state "hard labor" on the record if it intends to impose imprisonment at hard labor, not just imprisonment. 649 So.2d at 85. This case does not support Williams' claim for relief.

challenge to his 1998 guilty plea and conviction fails. Petitioner's challenge to the sentence he is currently serving, as enhanced by his 1998 conviction, also fails.

Accordingly, it is recommended that Petitioner's § 2254 petition be DISMISSED WITH PREJUDICE.

### Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that the Amended Petition for writ of *habeas corpus* filed by Petitioner Ronald Earl Williams, [doc. # 9], be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this Court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days**

**from service of this Report and Recommendation, the parties may file a memorandum**

**setting forth arguments on whether a certificate of appealability should issue.**  *See* 28

U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District**

**Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 30th  day of December, 2016.

_____

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

20